# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LOIS ANN STARKEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CIV-17-467-BMJ |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security Administration, | ) ) ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Lois Ann Starkey, seeks judicial review of the Social Security Administration's denial of her applications for disability insurance benefits (DIB) and supplemental security income (SSI). The parties have consented to the exercise of jurisdiction over this matter by a United States Magistrate Judge. *See* 28 U.S.C. § 636(c). The Commissioner has filed the Administrative Record (AR) [Doc. No. 14], and both parties have briefed their positions.[1] For the reasons stated below, the Court reverses the Commissioner's decision and remands the matter for further proceedings.

## I.  Procedural Background

On July 28, 2015, an Administrative Law Judge (ALJ) issued an unfavorable decision finding Plaintiff was not disabled and, therefore, not entitled to DIB or SSI. AR 14-22. The Appeals Council denied Plaintiff's request for review. *Id.* at 2-4. Accordingly, the ALJ's decision constitutes the Commissioner's final decision. *See Krauser v. Astrue*, 638 F.3d 1324, 1327 (10th Cir. 2011). Plaintiff timely commenced this action for judicial review.

---

[1] Citations to the parties' briefs reference the Court's ECF pagination.

**II.     The ALJ's Decision**

The ALJ followed the five-step sequential evaluation process required by agency regulations. *See Wall v. Astrue*, 561 F.3d 1048, 1051 (10th Cir. 2009) (explaining process); *see also* 20 C.F.R. §§ 404.1520, 416.920. Following this process, the ALJ first determined that Plaintiff met the insured status requirements for DIB through December 31, 2017, and had not engaged in substantial gainful activity since April 15, 2013, her alleged amended onset date. AR 16.

At step two, the ALJ determined that Plaintiff suffered from the following severe impairments: obesity, hypertension, chronic obstructive pulmonary disease, obstructive sleep apnea, and osteoarthritis with back pain. *Id.* at 17.[2] At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1. *Id.* at 17-18.

The ALJ next determined Plaintiff's residual functional capacity (RFC), concluding that she could perform "a range of 'light work'" except:

> [Plaintiff could] only: stand and/or walk for a total of 2 hours in an 8-hour workday and can sit the remainder with normal breaks; occasionally stoop and crouch; frequently handle and finger; must avoid concentrated exposure to irritants, such as dusts, fumes, smoke, gases, and poor ventilation; must avoid concentrated exposure to high humidity and wetness; and must avoid exposure to temperatures of more than 80 degrees and less than 60 degrees.

*Id.* at 18-19.

At step four, relying on a vocational expert's (VE) testimony, the ALJ found Plaintiff could perform her past relevant work, not as she performed it, but as it is normally performed in the

---

[2] The ALJ found that Plaintiff's carpal tunnel syndrome was not a severe impairment. AR 17.

national economy. *Id.* at 21-22. Therefore, the ALJ concluded that Plaintiff was not disabled for purposes of the Social Security Act. *Id.* at 22.

## III. Claim Presented for Judicial Review

Plaintiff alleges that the ALJ erred in rejecting the consultative examiner's opinion that she could only stand and/or walk for fifteen minutes at a time, and for only one hour in an eight-hour workday. *See* Pl.'s Br. at 7-13.

## IV. Standard of Review

Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *See Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009); *see also Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (holding that the court only reviews an ALJ's decision "to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied" and in that review, "we neither reweigh the evidence nor substitute our judgment for that of the agency" (citations and internal quotation marks omitted)).

## V. Analysis

A consultative physician, Dr. Sherman B. Lawton, M.D., examined Plaintiff once, at the SSA's request. AR 341. Dr. Lawton opined, in relevant part, that Plaintiff could sit eight hours without interruption and eight hours in an eight-hour workday. AR 344. However, the physician believed Plaintiff could only stand and walk for fifteen minutes at a time, and for only one hour in an eight-hour workday. *Id.* The ALJ gave Dr. Lawton's opinion "some weight," agreeing that it was "generally consistent with the medical evidence," but found that the State agency medical consultants' opinions were "more consistent with [Plaintiff's] admitted functional abilities." *Id.*

3

at 21. The State agency physicians opined, in relevant part, that Plaintiff could stand and/or walk for two hours in an eight-hour workday. *Id.* at 64, 74, 86, 96. The ALJ gave these opinions "great weight," as they "are consistent with the medical evidence of record and [Plaintiff's] reported activities." *Id.* at 21.[3]

Plaintiff claims the ALJ committed legal error because he failed to give specific and legitimate reasons for rejecting Dr. Lawton's opinion as it relates to Plaintiff's ability to stand and walk. *See* Pl.'s Br. at 9. In particular, Plaintiff explains that, because the ALJ's finding that Dr. Lawton's opinion was "generally consistent with the medical records" would obviously not support rejecting the opinion, the ALJ really only articulated one reason for dismissing Dr. Lawton's findings: that the State agency physicians' opinions were more consistent with Plaintiff's admitted functional abilities. *Id.* at 10. In turn, Plaintiff attacks that reasoning, arguing that the State agency physicians' opinions *were not* consistent with Plaintiff's testimony or functional disability report. *See id.* at 10-11. The Court agrees, and finds that the error is not harmless.

---

[3] The Commissioner argues that there is no inconsistencies in Dr. Lawton's opinion and the State agency physicians' opinions, claiming that "the ALJ reasonably construed Dr. Lawton's one-hour walking limitation plus one-hour standing limitation as a two-hour walking standing limitation, just as did [the State agency physicians]." Def. Br. at 10. But the ALJ was clearly rejecting Dr. Lawton's opinion, giving it only "some weight." AR 21. It seems reasonable that if the ALJ had interpreted Dr. Lawton's opinion and the State agency physicians' opinions as being the same, he would have given Dr. Lawton's opinion greater weight. Moreover, the record would seem to negate the Commissioner's argument. That is, Dr. Lawton checked that Plaintiff could stand for one hour in an eight-hour workday, and then separately checked that Plaintiff could walk for one hour in an eight-hour workday. *Id.* 344. In other words, she could do each for only one hour in an eight-hour workday. In contrast, the State agency physicians said that Plaintiff could stand and/or walk for two hours in an eight-hour workday. *Id.* at 64, 74, 86, 96. That is, they found she could walk for two hours, or stand for two hours, or both walk and stand for two hours in an eight-hour workday.

4

As an examining consultant, Dr. Lawton's opinion was generally entitled to less weight than a treating physician's opinion. *See Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004). Nevertheless, the ALJ was required to properly consider Dr. Lawton's opinion and provide legitimate reasons for discounting it. *See* 20 C.F.R. §§ 404.1527(c), 416.927(c). Here, the ALJ gave *one* reason for rejecting Dr. Lawton's opinion in favor of the State agency physicians' opinions – that he believed Plaintiff's admitted functional limitations were more consistent with the State agency physicians' findings that she could stand and/or walk for up to two hours in an eight-hour workday. AR 21. In support, the ALJ relied on Plaintiff's November 2013 Function Report. *Id.* at 19.[4] He noted:

> Despite [Plaintiff's] alleged limitations, she stated in her Function Report in November of 2013, that she had no difficulty with personal care, could prepare meals, and helped care for her elderly mother. [Plaintiff] indicated that she did not need any reminders to take care of personal needs or to take her medications. She reported she could go shopping, go out alone, and drive. [Plaintiff] stated she could handle money and visit others.

*Id.* at 19.

However, while Plaintiff did acknowledges that she cooked, washed dishes, and cared for her elderly mother, she said she could only do those activities for "30 minutes" because she "can't stand long enough" to do more. *Id.* at 223. She also stated that she did most of her shopping online, her family would do the grocery store shopping, and when she did need to personally shop, it would be for only "15 minutes." *Id.* at 224. Then she described her walking abilities as able to "walk around house, walk from car to inside post office – 100 ft." *Id.* at 226. In fact, she

---

[4] It is unclear whether the ALJ was also replying on Plaintiff's testimony, but it seems unlikely. That is, the ALJ described her hearing testimony as being that "she was easily fatigued and could walk less than one block before her feet went numb. She stated she could stand for only ten minutes and sit for only 30 minutes at a time." AR 19.

specifically stated she could only walk "100 ft-200 ft" before needing to rest, and would need to rest "10-15 minutes" before walking again. *Id.*

Clearly, Plaintiff's own description of her standing and/or walking abilities in the November 2013 Function Report align much more closely with Dr. Lawton's opinion than those of the State agency physicians. Accordingly, the Court finds that the ALJ failed to offer any legitimate reason for rejecting the relevant portion of Dr. Lawton's opinion.[5]

The Court further finds that the error is not harmless. Although the VE testified that Plaintiff's past relevant work is performed nationally at the sedentary level, AR 51, "[t]he full range of sedentary work requires that an individual be able to stand and walk for a total of approximately [two] hours during an [eight]–hour workday." SSR 96-9p, 1996 WL 374185, at *6 (1996). Without testimony from the VE, the Court cannot know whether Plaintiff could perform her past relevant work at the sedentary level if she was limited to walking and standing for only fifteen minutes at a time and for only one hour in an eight-hour workday. *See, e.g., Gallardo v. Colvin*, No. 16-cv-00824 NC, 2017 WL 766719, at *3 (N.D. Cal. Feb. 28, 2017) (unpublished order) (finding that, "if the ALJ had credited [the physician's] opinion, the ALJ would have been required to account for the one hour standing and walking limitation in determining what type of

---

[5] The Commissioner argues that the ALJ "gave good reasons" for not including Dr. Lawton's finding that Plaintiff could only walk and stand for fifteen minutes at a time, "in light of favorable medical evidence as to Plaintiff's muscle strength and motor and sensory functioning, and independent gait . . . ." Def.'s Br. at 10. Elsewhere, she also argues that the State agency physicians' opinions were "more consistent with the favorable physical functional findings, including those of Drs. Mahmood, Green, and Lawton, than was Dr. Lawton's opinion as to its more restrictive elements in light of such favorable findings." *Id.* at 12. But the ALJ did not cite any of this in rejecting Dr. Lawton's opinion; in fact, he found that *both* Dr. Lawton's opinion and the State agency physicians' opinions were "consistent with the medical evidence of record." AR 21. Indeed, the ALJ actually gave Dr. Hamid Mahmood, M.D.'s opinion *less* weight than he gave to Dr. Lawton's opinion. *Id.* at 20. This Court will simply not "engage in a post-hoc attempt to salvage the ALJ's decision . . . ." *Brown v. Colvin*, 595 F. App'x 803, 806 (10th Cir. 2014).

work [the plaintiff] could still perform;" therefore, "it was error that the ALJ did not provide [specific and legitimate reasons] for rejecting [the physician's] finding" and holding that the error "was not harmless"); *see also, e.g., Cleghorn v. Colvin*, No. 1:15-cv-00914, 2016 WL 5402943, at *5 (M.D. Pa. Sept. 9, 2016) (unpublished report and recommendation) (refusing to find an ALJ's error harmless where the VE identified sedentary jobs without "addressing whether a limitation to one hour (as opposed to two hours) of standing with a sit/stand option would further erode the sedentary occupational base"), *adopted*, 2016 WL 5373638 (M.D. Pa. Sept. 26, 2016) (unpublished order). Because the Court cannot find the ALJ's error harmless, it must remand the Commissioner's decision.

## VI. Conclusion

For the reasons set forth, the Commissioner's decision is REVERSED and REMANDED for further proceedings consistent with this Memorandum Opinion and Order.

ENTERED this 2nd day of February, 2018.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE