# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LOIS ANN STARKEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-17-0467-BMJ |
| ) | |
| ANDREW SAUL, ) | |
| Acting Commissioner of ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Plaintiff's timely[1] Motion for Attorney Fees Under 42 U.S.C. § 406(b), [Doc. No. 33]. For the reasons discussed below, the motion is GRANTED.

On February 2, 2018, the Court entered a Memorandum Opinion and Order reversing the Commissioner's decision denying Plaintiff's applications for disability insurance benefits and supplemental security income and remanding the case for further administrative proceedings. [Doc. No. 24]. On July 23, 2019, the Social Security Administration (SSA) issued a Notice of Award finding Plaintiff was disabled and awarding past-due benefits in the amount of $72,026.50. [Doc. No. 33, Attach. 2]. Counsel now seeks attorney's fees pursuant to § 406(b). *See* Pl.'s Motion at 1.

"Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . ." 42 U.S.C. §

---

[1] *See* [Doc. No. 32] (granting Plaintiff's motion for extension to seek fees under Fed. R. Civ. P. 60).

406(b)(1)(A). Here, Plaintiff and her counsel entered into a contingency fee agreement in which Plaintiff agreed to pay her attorney a fee for federal court work equal to a total of 25% of her past due benefits. *See* Pl.'s Motion, Ex. 1. Plaintiff's counsel requests an attorney fee of $17,099.13, or just under 24% of the amount of past due benefits awarded.[2]

The Court must review this request to assure it is reasonable. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002) ("[Section] 406(b) calls for court review of [contingency fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases."). Factors a court considers in this process include: (i) the character of the representation and the results the representative achieved; (ii) if the attorney is responsible for a delay; and (iii) if the benefits are large in comparison to the amount of time counsel spent on the case. *Id.* at 808.

First, the Court finds Plaintiff's attorney gained excellent results on Plaintiff's behalf. Counsel successfully litigated the appeal in this Court, achieving a remand over the Commissioner's objection. Second, Plaintiff's counsel was not responsible for any delay in this matter. Third and finally, the Court finds the benefits are not large in comparison to the amount of time Plaintiff's counsel spent on the case. That is, the fee of $17,099.13 is to compensate for 5.5 hours of paralegal work and 22.5 hours of attorney work. Such a fee is not excessive given that the fee was contingent and the risk of loss was not negligible. Therefore, the Court finds the requested fee of $17,099.13 reasonable.[3] *See, e.g., Johnson v. Comm'r of Soc. Sec. Admin.*, No.

---

[2] The full 25% in back benefits would total $18,006.63. *See* Pl.'s Motion, Ex. 2 at 4. But the SSA paid Plaintiff's remand agency representative $6000.00, leaving $12,006.63 withheld for Ms. Troutman. *See id.* Ms. Troutman therefore requests to be paid $12,006.63 from the withheld funds and states Plaintiff has "agreed to use the [$5092.50] EAJA award to pay any excess amount that may be due after the agency releases the back benefits to counsel." *Id.* at 12.

[3] The Court finds the fee reasonable despite the fact the SSA paid Plaintiff's remand representative $6000.00. That is, between Plaintiff's EAJA fees ($5092.50) and the remaining fees the SSA withheld ($12,006.63), Ms. Troutman is receiving less than a full 25% of the back payments. *See*

CIV-15-237-SPS, 2018 WL 2474080, at *2 (E.D. Okla. July 19, 2018) (finding $20,000 fee, which compensated for a successful appeal in federal court and then a benefits award on remand, was not unreasonable based on 29.9 attorney hours and 5.5 paralegal/intern hours).

IT IS THEREFORE ORDERED, Plaintiff's Motion for Award of Attorney's Fees Pursuant to 42 U.S.C. § 406(b) is GRANTED. Plaintiff's attorney is awarded attorney's fees in the amount of $17,099.63. Of that, $12,006.63 is to be paid out of the past-due benefits Plaintiff received by reason of the remand and favorable decision in this case. Plaintiff is then responsible for the remaining portion. Because requiring counsel to refund the smaller $5092.50 EAJA award to Plaintiff would leave Plaintiff owing counsel $5092.50, the Court declines to require Ms. Troutman to "engage in that convoluted process." *Rockwood for Kifer v. Berryhill*, No. 15-CV-408-FHM, 2019 WL 586754, at *2 (N.D. Okla. Feb. 13, 2019) (addressing how best to approach an EAJA award refund where, as here, the SSA paid another representative out of the 25% back benefit percentage and the remaining funds still held by the SSA were insufficient to pay counsel the 25% due under § 406(b)). If, however, this results in counsel receiving more than $17,099.63, "counsel is required to refund the excess to Plaintiff." *Id.*

IT IS SO ORDERED this 15th day of August, 2019.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE

---

*Culbertson v. Berryhill*, 139 S. Ct. 517, 523 (2019) ("the amount of past-due benefits that the agency can withhold for direct payment does not delimit the amount of fees that can be approved for representation before the agency or the court").